## JASKOLSKI v. GROVES et al.
### No. 233 of 1947.

United States District Court
E. D. Pennsylvania.
June 22, 1949.

See, also, 84 F.Supp. 493.

Martin J. Vigderman, Philadelphia, Pa., for libellant.

Robert Cox, Philadelphia, Pa., for respondents.

McGRANERY, District Judge.

### Findings of Fact

1. On May 19, 1947, the decedent, Frank D. Jaskolski, was a seaman in the United States Merchant Marine.

2. On that date the respondents possessed, operated, managed and controlled the S. S. Jefferson City Victory in foreign commerce.

3. On April 23, 1947, the decedent signed Shipping Articles as a member of the crew of the S. S. Jefferson City Victory, in the capacity of able-bodied seaman, at the rate of $182.85 per month cash wage, plus keep of the value of $45.00 per month, for a foreign voyage from the Port of Savannah, Georgia, to one or more ports in Europe, and back to a final port of discharge in the United States, for a term of time not exceeding nine calendar months.

4. At the time the decedent signed aboard the vessel, he was possessed of normal and healthy hands and fingers.

5. During the voyage, on May 19, 1947, at approximately 2:30 p. m., when the vessel was approaching the Delaware River pilot station, while decedent was aiding in topping the inside starboard boom, at the number 4 hatch, in the course of his employment, his right hand was caught between the guy line and a cleat, as a direct result of which he suffered the traumatic amputation of one half of the distal phalanx of the right index finger and comminuted fracture of the middle phalanx of the right index finger; the line of amputation was practically located just proximal to the matrix of the nail, the nail matrix was not disturbed, and a new nail was formed.

6. The decedent received medical care and attention on May 19, 1947, at the Chester Hospital, Chester, Pa. He received additional medical attention at the St. Agnes Hospital, Philadelphia, from May 20 to May 22, 1947, at which time he was transferred to the United States Marine Hospital, Baltimore, Md., where he remained until May 31, 1947.

7. The decedent received outpatient treatment from June 1 to July 5, 1947, at which time he was discharged as fit for duty. All medical care and attention received by the decedent was without expense or cost to him.

8. The decedent was fit for duty on July 5, 1947. He received medical care and attention as an outpatient from June 1 to July 5, 1947, a period of 35 days.

9. The decedent returned to sea aboard the S. S. Venore on July 17, 1947, in the capacity of Quartermaster.

10. The deceased's injury was sustained in the service of the vessel.

11. Decedent died on November 28, 1947, from causes having no relation to injuries herein, and the libellant was granted Letters of Administration of decedent's estate on December 27, 1948.

496

12. Counsel for both parties have stipulated that maintenance and cure shall be at the rate of $3.50 per day. Therefore decedent, and hence his Administrator, is entitled to maintenance at the rate of $3.50 per day from the date of his discharge from the S. S. Jefferson City Victory on May 21, 1947 to July 5, 1947, the date when he was again fit for duty, but excluding such periods as he was hospitalized at no expense.

13. The total time elapsed between the date of the deceased's discharge from the vessel to the date he was fit for duty is 45 days, from which is deducted, for maintenance calculations, a period of 10 days which he was hospitalized in the St. Agnes Hospital and the United States Marine Hospital, Baltimore. Calculated at a rate of $3.50 per day, this amounts to $122.50.

14. The Shipping Articles containing the contract of employment between the decedent and the respondents terminated on May 21, 1947, at Philadelphia. The deceased received all wages due him pursuant to the terms of that contract.

Conclusions of Law

1. This Court has jurisdiction over the subject matter and the parties herein.

2. The decedent suffered injuries and became disabled while in the service of the S. S. Jefferson City Victory, and he was paid earned wages up to May 21, 1947, the date of the termination of the employment contract.

3. Respondents' duty to furnish maintenance and cure extends for a fair time after the termination of the voyage, during which improvement in decedent's condition from nursing, care and medical treatment could reasonably be expected.

4. Such a period, under the circumstances of this case, encompasses the time between May 20, 1947 and July 5, 1947, excluding the periods of hospitalization at no cost or expense to decedent.

5. Respondents are liable to libellant for maintenance and cure at the rate of $3.50 per day for a period of 35 days, a total of $122.50.

6. A decree will be entered in favor of the libellant and against the respondents for the sum of $122.50.